NO. 13-1867

IN THE

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

NATIONAL ELECTRICAL BENEFIT FUND,

*Plaintiff-Appellee,*

v.

MIRARCHI BROTHERS, INC.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND
Case No. 8:11-cv-02621-DKC

**OPENING BRIEF OF APPELLANT MIRARCHI BROTHERS, INC.**

| | |
|---|---|
| Matthew I. Sack | Jeffrey D. McMahan, Jr. |
| DAVIS BUCCO & ARDIZZI | MCGUIREWOODS LLP |
| 10 E. Sixth Avenue, Suite 100 | One James Center |
| Conshohocken, PA 19428 | 901 East Cary Street |
| Tel:  (610) 238-0880 | Richmond, VA 23219 |
| | Tel:  (804) 775-1000 |

*Counsel for Defendant-Appellant Mirarchi Brothers, Inc.*

October 10, 2013

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-1867__      Caption: __National Electrical Benefit Fund v. Mirarchi Brothers, Inc.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Mirarchi Brothers, Inc.__
(name of party/amicus)

who is _____appellant_____, makes the following disclosure:
       (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

- 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/                                    Date: October 10, 2013

Counsel for: Mirarchi Brothers, Inc.

# CERTIFICATE OF SERVICE
**************************

I certify that on  October 10, 2013  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/                                              October 10, 2013
       (signature)                                    (date)

07/19/2012
SCC

- 2 -

# TABLE OF CONTENTS

**Page**

Table of Authorities…..……..…………………………………....…….... ii

Jurisdictional Statement …………..…………………………….………. 1

Statement of the Issues……………………………………………….…… 2

Statement of the Case…………..…………..……………………………2

Statement of the Facts…………………………………………………... 3

Summary of the Argument…. ……………………………………………..6

Argument…………………………………………………………….....… 6

Standard of Review …………..…………………………………………… 6

Discussion of the Issues ……………………………………………….... 7

      A. The November 28, 2012 Order must be vacated and the
         matter remanded to correct a clear error law and fact,
         and to prevent manifest injustice…………………………..…… 8

Conclusion ……………………………………………………….....… 11

Certificate of Compliance …………………………………………………. 12

Certificate of Service ……..……………..……………………….……..…13

# TABLE OF AUTHORITES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)………..………..... 7

*Carpenters & Joiners Welfare Fund v. Gittleman Corp.*,
    857 F.2d 476 (8th Cir. 1988)...……………………………………...… 10

*Littleton v. Swonger*, 502 Fed. App'x 271 (4th Cir. 2012)………..……... 7

*Sansotta v. Town of Nags Head*, 724 F.3d 533 (4th Cir. 2013)………..…… 6, 7

*Reilly, v. Reem Contracting Corp.*, 380 Fed. Appx. 16 (2nd Cir. 2010)…….… 9, 10

## Statutes and Rules

29 U.S.C. § 185……………………………………………………………… 1

29 U.S.C. § 1132……………………………………………………………….. 1, 10

29 U.S.C. § 1145…………………………………………………………….. 1

28 U.S.C. § 1291…………………………………….…………………………... 1

Federal Rule of Appellate Procedure 4(a)(1)(A)………………………....….. 1

Federal Rule of Civil Procedure 60……………………………...…………….. 1, 2

# JURISDICTIONAL STATEMENT

The United States District Court for the District of Maryland had original jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the National Electrical Benefit Fund (hereinafter referred to as "NEBF") and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145. The United States District Court for the District of Maryland also had jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

The United States Court of Appeals for the Fourth Circuit has jurisdiction of this matter under 28 U.S.C. § 1291.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed within 30 days after entry of the judgment or order appealed from. If a party timely files a motion for reconsideration under Federal Rule of Civil Procedure 60, however, the time to file the notice of appeal runs from the entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(A). Such motions for reconsideration must be filed within 28 days after the judgment to be reconsidered is entered. Here, the original final order was entered on November 28, 2012, and

the Defendant filed a Rule 60 motion on December 3, 2012. The order disposing of the Rule 60 motion was entered on June 11, 2013. Defendant filed a notice of appeal on June 26, 2013.

## STATEMENT OF THE ISSUES

The issue before the Court is whether the district court erred in granting summary judgment in favor of NEBF when a genuine issue of material fact exists.

## STATEMENT OF THE CASE

Defendant, Mirarchi Brothers, Inc. ("Mirarchi"), an electrical contracting company and NEBF are parties to a collective bargaining agreement that allegedly requires Mirarchi to remit certain contributions and payments to NEBF. In a complaint filed September 14, 2011, NEBF alleges that Mirarchi is delinquent in its contributions to the tune of $25,038.74, representing unpaid amounts from July 2008 through December 2009. NEBF claims further that Mirarchi is also responsible for interest, liquidated damages and attorney's fees as result of its alleged delinquency.

NEBF moved for summary judgment asserting that it was entitled to payment under the collective bargaining agreement as a matter of law. Mirarchi responded asserting that it was a party to a prior action filed by NEBF in which settlement was reached, issues regarding proper accounting and amounts due were resolved, and the matter was discontinued. Thus, the prior settlement between

2

Mirarchi and NEBF created genuine issues of material fact regarding whether any money was owed to NEBF by Mirarchi. Nevertheless, the District Court granted NEBF summary judgment. Mirarchi moved for reconsideration, which NEBF opposed. In an order and memorandum opinion dated June 11, 2013, the District Court denied Mirarchi's Motion for Reconsideration. Mirarchi timely appeals.

## **STATEMENT OF THE FACTS**

Mirarchi is an electrical contractor and party to a collective bargaining agreement with certain local unions. JA 135. NEBF is a pension benefit plan that collects proceeds paid by participating employers for the benefit of certain national unions and, in turn, certain local unions. JA 134-35. Following an audit by a third party, NEBF filed suit against Mirarchi alleging that Mirarchi failed to remit certain contributions and payments to NEBF under the collective bargaining agreement. JA 8. NEBF alleges that Mirarchi was delinquent in its contributions to the tune of $25,038.74, representing unpaid amounts from July 2008 through December 2009. *Id*. NEBF claimed further that Mirarchi was also responsible for interest, liquidated damages and attorney's fees as result of its alleged delinquency. JA 10.

In its Answer to the Complaint, Mirarchi specifically denied that it failed to remit any contributions as alleged under the terms of a collective bargaining agreement(s) as alleged in the amount of $25,038.74. JA 14. Additionally,

3

Mirarchi specifically pled as an Affirmative Defense that "Plaintiffs' Complaint, in whole or in part, is barred due to Defendant's payments and/or compliance pursuant to the collective bargaining agreements Plaintiffs allegedly seek to enforce through this lawsuit." JA 18. Finally, Mirarchi disputes the amount and calculation of the damages which it alleges, based upon an audit conducted or otherwise, which creates a genuine issue of material fact.

Even though no written discovery was conducted and no depositions were taken, NEBF moved for summary judgment seeking judgment in the amount pled. JA 20. In opposition to summary judgment, Mirarchi submitted the affidavit of Ralph Mirarchi, owner and representative of Defendant. JA 88. In the Affidavit, Mr. Mirarchi testified that Mirarchi and NEBF were parties to another action in the Eastern District of Pennsylvania, titled *Local Union 98, et al. v. Mirarchi Brothers, Inc., et al.*, No. 10-5287 (hereafter "prior action"). JA 88. The prior action also sought monetary payments from Mirarchi that NEBF claimed were due pursuant to a collective bargaining agreement with Local Union 98. *Id.* That case, however, was dismissed because Mirarchi "settled all outstanding payment issues with NEBF and Mirarchi does not owe any money to NEBF." JA 89. The amounts NEBF alleged were due in the prior action are the same funds that NEBF is claiming Mirarchi owes in this case. Additionally, funds currently sought by NEBF are not due by Mirarchi because NEBF's calculation is incorrect as a result

4

of certain Mirarchi employees improperly designated as owing dues. Thus, because Mirarchi and NEBF reached a settlement agreement regarding the funds and certain employees at issue in this case, Mirarchi argued that NEBF was bound by the terms of that agreement and a genuine issue of material fact existed for trial.

Despite Mirarchi and NEBF's prior settlement, and NEBF's concession that "there may conceivably be some overlap" between the settlement and this case, the District Court granted NEBF's motion for summary judgment. JA 138-44. In so doing, the District Court converted Mirarchi's argument that NEBF failed to show the absence of a genuine issue of material fact into the assertion of a defense grounded in *res judicata* and collateral estoppel. JA 140. The District Court then held that *Mirarchi* failed to satisfy its burden on these defenses because the prior case was dismissed without prejudice and was not a final judgment. JA 141-42. Thus, even though no discovery was conducted and no depositions taken in the underlying matter, both parties relied on affidavits in their summary judgment briefing, and NEBF conceded that the settlement of the prior case may "overlap" with this case, the District Court weighed the evidence and concluded that NEBF's evidence was more persuasive than Mirarchi's. Thus, the District Court granted summary judgment in favor of NEBF.

5

## SUMMARY OF THE ARGUMENT

On a motion for summary judgment, the district court is not permitted to weigh the evidence. Instead, the court is charged with determining whether there is an absence of a genuine issue of material fact. Pursuant to the affidavit of Ralph Mirarchi and the facts stated therein and cited above, it is plain on its face that genuine issues of material fact exist regarding whether or not Mirarchi owed the contributions which NEBF alleged. It is a mistake of fact and law to conclude as the District Court did that Mirarchi has not produced any evidence of payment to NEBF. The District Court's improper application of the summary judgment standard and failure to consider the evidence set forth by Mirarchi justifies relief from the Order granting summary judgment.

## ARGUMENT

### I.     Standard of Review for Motion for Summary Judgment

This Court reviews the "grant of summary judgment *de novo* and applies the same legal standards" that a district court is supposed to apply, but which were not applied in this case. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 10 (4th Cir. 2013). In other words, summary judgment is appropriate only where "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record.'" *Id.* at 10-11 (quoting Fed. R. Civ. P. 56). In analyzing whether there exists a genuine issue of material fact,

however, the district court and the appellate court "must view all evidence in the light most favorable to the nonmoving party." *Id.* Importantly, at least with respect to the District Court's decision in this case, courts "do not weigh the evidence." *Id.* Indeed, "[a] court reviewing a motion for summary judgment is not 'to weigh the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to believe.'" *Littleton v. Swonger*, 502 Fed. App'x 271, 273 (4th Cir. 2012) (quoting *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991)). Instead, courts merely assess "whether there is a genuine issue for trial." *Sansotta*, 724 F.3d at 10; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (holding it is not the district court's role on a motion for summary judgment to "weigh the evidence and determine the truth of the matter").

## II. <u>Discussion of the Issues</u>

As set forth above, no discovery was conducted in the underlying matter. Mirarchi was not deposed. As a result, NEBF filed a Motion for Summary Judgment solely based upon affidavits, intended to support the claims in NEBF's Complaint. Mirarchi opposed summary judgment by also submitting an affidavit raising genuine issues of fact—a genuine issue that NEBF conceded; *i.e.*, that the amounts NEBF sought were the subject of a prior settlement of another case.

Thus, a genuine issue of material fact existed regarding whether Mirarchi owed NEBF any contributions as alleged.

### A. The November 28, 2012 Order must be vacated and the matter remanded to correct a clear error law and fact, and to prevent manifest injustice.

Mirarchi respectfully requests the Court to vacate the Order dated November 28, 2012, particularly with regard to its ruling that there was no genuine dispute of material fact and that NEBF was entitled to summary judgment as a matter of law. Mirarchi did not oppose NEBF's Motion for Summary Judgment on the legal basis of collateral estoppel or res judicata, but on the simple basis that Mirarchi does not owe NEBF any money as alleged, therefore a very genuine issue of material fact exists. As a result of the existence of a genuine issue of fact, summary judgment should not have been granted in NEBF's favor. Respectfully, the Court has applied the incorrect law (collateral estoppel and res judicata) and has failed to properly apply the summary judgment standard.

Mirarchi was a party to a prior action filed by NEBF in which settlement was reached and the matter was discontinued. The facts of this prior settlement are outlined in the Affidavit cited above. Most importantly, NEBF conceded that there might be some "overlap" in the case settled and this case. The prior settlement between Mirarchi and NEBF created genuine issues of material fact regarding whether any money is owed to NEBF by Mirarchi. Since genuine issues of

8

material fact exist NEBF's Motion for Summary Judgment should have been denied.

NEBF submitted affidavits from the accounting firm Novak Francella and a supplemental affidavit of Mr. Bradley, supporting its claims of amounts due by Mirarchi. In response, Mirarchi submitted its own affidavit by its principle, Ralph Mirarchi. The district court acknowledged and accepted as true the evidence presented by NEBF in the form of affidavits. JA 142-43. However, the District Court did not acknowledge and accept as true the evidence presented by Mirarchi. JA 88. The District Court stated that "Defendant has not provided any evidence that amounts were paid to satisfy these obligations." JA 143. In so doing, the District Court ignored Mirarchi's affidavit and NEBF's concession. In light of the affidavit of Ralph Mirarchi and the facts stated therein and cited above, it is a mistake of fact and law to state that Mirarchi has not produced any evidence of payment to NEBF. The District Court failed to apply the proper summary judgment standard by viewing the evidence in a light most favorable to NEBF, weighing the evidence, and failing to consider the evidence submitted by Mirarchi.

Genuine issues of fact regarding contested amounts of unpaid benefit fund contributions are grounds to vacate an order granting summary judgment in favor of the collecting union. In *Reilly, v. Reem Contracting Corp.*, 380 Fed. App'x 16 (2nd Cir. 2010), a defendant contractor appealed an order of the district court

9

granting summary judgment for a union for funds due pursuant to a collective bargaining agreement. The Second Circuit vacated the order and remanded the matter because the defendant set forth genuine issues of fact as to whether it was bound by the agreement and the related audit. The district court wrongly relied exclusively on the plaintiff's auditor's report. *Reilly*, 380 Fed. App'x at 20.

The facts in *Reilly* are directly analogous to the instant matter. The District Court wrongly relied solely upon the NEBF's auditor's report in granting summary judgment. The court did not accept the evidence produced by Mirarchi in the form of affidavit. Accordingly, *Reilly* should be followed and the November 28, 2012 Order should be vacated.

Additionally, Mirarchi contends that NEBF failed to meet its burden for summary judgment because certain contributions made are not "unpaid contributions" if they are paid prior to the filing of a lawsuit. In *Carpenters & Joiners Welfare Fund, et al. v. Gittleman Corporation*, 857 F.2d 476 (8th Cir. 1988), the defendant employer was late in making fourteen required monthly contributions to the multiemployer employee fringe benefit funds in an eighteen-month period. However, prior to lawsuit, defendant made all required contributions. The funds subsequently brought an action against the employer, claiming liquidated damages of ten percent of the delinquent contributions under both the collective bargaining agreement and 29 U.S.C. § 1132(g)(2). The district

10

court denied the funds' claim for liquidated damages, holding that there were no "unpaid contributions," and the Eighth Circuit affirmed.

In this case, all contributions which were paid by Mirarchi prior to the lawsuit commencing, i.e., all contributions which were made prior to September 14, 2011 are not unpaid, and therefore are not owed to NEBF. This distinction creates another genuine issue of material fact which precludes summary judgment from being entered in NEBF favor.

## **CONCLUSION**

The final order from the district court dated November 28, 2013 should be vacated and this matter remanded for further discovery. Genuine issues of material fact exist regarding the amounts allegedly owed to NEBF by Mirarchi.

Dated: October 10, 2013                              ____/s/_____

Matthew I. Sack, Esquire                  Jeffrey D. McMahan, Jr.
DAVIS BUCCO & ARDIZZI                     McGuireWoods LLP
10 E Sixth Ave, Suite 100                 One James Center
Conshohocken, PA 19428                    901 East Cary Street
Phone: (610) 238-0880                     Richmond, VA 23219
Fax:  (610) 238-0244                      Phone:  (804) 775-1132
msack@davisbucco.com                      Fax:  (804) 698-2092
                                          jmcmahan@mcguirewoods.com

*Attorneys for Appellant-Defendant, Mirarchi Brothers, Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 13-1867    Caption: National Electrical Benefit Fund v. Mirarchi Brothers, Inc.

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

⊠ this brief contains 2,472 words, excluding the parts of
the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

⊠ this brief has been prepared in a proportionally spaced typeface using
Microsoft Word in 12 type size, New Roman style font.

Dated:  October 10, 2013          \_\_\_\_/s/_____
Matthew I. Sack, Esquire
DAVIS BUCCO & ARDIZZI
10 E Sixth Ave, Suite 100
Conshohocken, PA 19428
Phone: (610) 238-0880
Fax:  (610) 238-0244
Email:  msack@davisbucco.com

Jeffrey D. McMahan, Jr.
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Phone:  (804) 775-1132
Fax:  (804) 698-2092
Email:  jmcmahan@mcguirewoods.com

*Attorneys for Appellant-Defendant,*
*Mirarchi Brothers, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013 the foregoing document was filed with the Clerk of this Court using the CM/ECF system and served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Jennifer Bush Hawkins
Potts-Dupre, Difede & Hawkins, Chtd.
900 7th Street, N.W.
Suite 1020
Washington, DC 20001
***Counsel for Plaintiff-Appellee, National Electrical Benefit Fund***

Dated: October 10, 2013                    ____/s/_____

Matthew I. Sack, Esquire
DAVIS BUCCO & ARDIZZI
10 E Sixth Ave, Suite 100
Conshohocken, PA 19428
Phone: (610) 238-0880
Fax: (610) 238-0244
msack@davisbucco.com

Jeffrey D. McMahan, Jr.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Phone: (804) 775-1132
Fax: (804) 698-2092
jmcmahan@mcguirewoods.com

*Attorneys for Appellant-Defendant, Mirarchi Brothers, Inc.*